UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE PHILLIP LeCLEAR,

    Movant,

v.

    File No. 1:16-cv-160

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
    _____/

# OPINION

This is an action to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On October 20, 2008, Movant Eugene Phillip LeClear pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (*See* Plea Agreement, *United States v. LeClear*, 1:08-cr-187 (W.D. Mich.), ECF No. 21.) The Court sentenced him to a term of imprisonment of 15 years, followed by 5 years of supervised release. (*See* J., *United States v. LeClear*, 1:08-cr-187 (W.D. Mich.), ECF No. 25.) Movant filed this action on or about February 16, 2016, asserting that his sentence in invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 1). The Government has responded, asserting that the motion is without merit. For the reasons discussed herein, the motion will be denied.

I.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. The Court need not hold an evidentiary hearing "'if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## II.

Movant asserts that he no longer qualifies for sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because of the Supreme Court's decision in *Johnson*. The ACCA sets a mandatory minimum sentence for a felon with three or more prior convictions for a "serious drug offense" or a "violent felony." A violent felony is defined as a crime that is punishable by more than one year and that falls within one or more of the following clauses: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) it "is burglary, arson, or extortion"; or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The foregoing clauses are known as the "force" clause, the "enumerated-offenses" clause, and the "residual" clause, respectively. In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557; *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review).

*Johnson* does not apply to Movant's sentence, however, because his prior convictions fall under the enumerated-offenses clause, which was not invalidated by *Johnson*. As indicated in the Presentence Investigation Report ("PIR") prepared in his criminal case, at the time of his sentencing, Movant had four prior convictions for second-degree home invasion under Michigan law. (PIR, *United States v. LeClear*, 1:08-cr-187 (W.D. Mich.), ECF No. 40.) Michigan law defines second-degree home invasion as follows:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

Mich. Comp. Laws § 750.110a(3).

When determining the nature of a prior conviction, the Court applies a "categorical" approach, looking to the statutory definition of the offense and not the particular facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 600 (1990). A crime qualifies as burglary under the ACCA if the statutory definition has the basic elements of "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

Before Movant was sentenced in 2008, the Court of Appeals for the Sixth Circuit concluded that second-degree home invasion under Mich. Comp. Laws § 750.110a(3) "plainly is a burglary," and thus, "plainly constitutes a 'crime of violence' under the federal sentencing guidelines." *United States v. Hart* 104 F. App'x 469, 470 (6th Cir. 2004). Since

3

2008, the court has reiterated this conclusion several times. *See United States v. Gibbs*, 626 F.3d 344, 353 (6th Cir. 2010) (holding that second-degree home invasion "is the equivalent of the enumerated offense of burglary of a dwelling and therefore constitutes a 'crime of violence'" under the Sentencing Guidelines); *United States v. Howard*, 327 F. App'x 573, 575 (6th Cir. 2009) (holding that second-degree home invasion is a crime of violence because its elements "mirror the elements of a common law burglary of a dwelling"); *see also United States v. Horton*, 163 F. App'x 378, 382 (6th Cir. 2006) (holding that *third*-degree home invasion is a crime of violence equivalent to burglary)).

The definition of "crime of violence" in § 4B1.2(a) of the Guidelines is essentially the same as the definition of "violent felony" in the ACCA, and the Sixth Circuit has interpreted them in the same way. *See Gibbs*, 626 F.3d at 352 n.6 ("We determine a 'crime of violence' under the Guidelines in the same way as a 'violent felony' under the Armed Career Criminal Act . . . because both share essentially the same definitions."). Thus, even though the foregoing decisions by the Court of Appeals concern the Guidelines definition of crime of violence rather than the ACCA definition of violent felony, those decisions are applicable to this case.

Movant objects that the only published case mentioned above, *Gibbs*, is defective because it preceded *Johnson*, it did not thoroughly analyze whether second-degree home invasion is equivalent to burglary, and it relied upon several unpublished decisions (*Howard*, *Hart* and *Horton*) which contain little analysis or rely on the now-invalidated residual clause. These objections do not change the outcome of this case. The fact that *Gibbs* preceded

4

*Johnson* does not undermine its holding, because *Gibbs* applied the enumerated-offenses clause, not the residual clause, when determining that second-degree home invasion is a crime of violence. Moreover, *Gibbs* is still binding on this Court even though its analysis is brief and even if the case law that it cites is partially questionable after *Johnson*.[1]

Movant also relies upon decisions from the Court of Appeals for the Fifth Circuit to establish that the Michigan home-invasion statute is broader than generic burglary. *See, e.g., United States v. Castaneda*, 740 F.3d 169 (5th Cir. 2013); *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008). These cases stand for the proposition that a statute is broader than generic burglary if it does not require a specific intent to commit a crime at the time of entry into the building or dwelling. *See United States v. Carranza-Raudales*, 605 F. App'x 325, 327 (5th Cir. 2015). The Michigan home-invasion statute does not expressly require an intent to commit a crime at the time of entry. A person can be guilty of home invasion in the second degree if he or she "breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault . . . ." Mich. Comp. Laws § 750.110a(3). *But see Carranza-Raudales*, 605 F. App'x at 327 (noting that "Michigan courts have arguably read an intent element into the statute"). Movant's reliance is misplaced. The Sixth Circuit has not adopted the Fifth Circuit's approach. This Court is bound to follow the holding in *Gibbs*.

---

[1]Movant's objections to *Howard*, *Hart*, and *Horton* are overstated. Although *Horton* stated that *third*-degree home invasion is a crime of violence under the residual clause of the Guidelines, it did so after concluding that third-degree home invasion is also a crime of violence under the enumerated-offenses clause. *See Horton*, 163 F. App'x at 382. The latter conclusion is not affected by *Johnson*. Neither *Hart* nor *Howard* relied on the residual clause.

### III.

For the foregoing reasons, the motion under § 2255 will be denied because it is plainly without merit.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this Opinion shall be entered.


Dated: <u>July 11, 2016</u>                               /s/ Robert Holmes Bell
                                                                                   ROBERT HOLMES BELL
                                                                                   UNITED STATES DISTRICT JUDGE